THE PEOPLES NATIONAL BANK OF TARENTUM, PENN-
SYLVANIA, RESPONDENT, v. WILLIAM E. CRAMER,
APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

Where a promissory note was given in payment for a carload of glass bought and delivered, the fact that the contract for the glass also included four other carloads which the payee of the note failed to deliver, thereby entailing a loss on the maker of more than the amount of the note, is no defence to a suit on the note by a holder thereof for value in due course where there was no proof that such holder knew of such contract when it took the note. Under such circumstances it is immaterial that such holder did know that the payee "was losing money, was in a bad way, and in danger of going into the hands of a receiver."

On appeal from a judgment of the Supreme Court.

For the appellant, *Joseph Beck Tyler.*

For the respondent, *Grey & Archer.*

The opinion of the court was delivered by

WHITE, J. This is a suit upon a promissory note given by the defendant-appellant, Cramer, as drawer, to the Fidelity Glass Company, as payee, in payment for a carload of glass bottles purchased and delivered, which note was discounted prior to maturity with the plaintiff-respondent bank (the proceeds being duly placed to payee's credit) and upon maturity was not paid. The defence is, that the carload of glass bottles in question was part of five carloads contracted to be delivered by the payee to Cramer at a fixed price; that the payee went into the hands of a receiver and the remaining four carloads of the contract were never delivered, so that Cramer was compelled to buy elsewhere at a loss of more than the amount of the note; that the bank is chargeable with this defence because its cashier, Crawford, was given general authority by the directors to discount notes, and did in fact discount this note; that at the time he did so, which was two days before the receiver was applied for, he was also the treasurer and a member of the board of directors of the payee, Fidelity Glass Company, and as such knew that that company had been losing money, that it was going from bad to worse; that the manager told him that it could not fill its existing contracts by reason of the advance in cost of materials, &c., and that on the same day he was told this, which was the day he discounted the note, he advised the manager to call a meeting of the board of directors of the Fidelity Glass Company, at which meeting it was decided to apply for a receiver. Whether the payee was in fact insolvent is uncertain. Under the receivership it paid its creditors ninety-two cents on the dollar.

The learned trial judge directed a verdict for the plaintiff for the full amount of the note, with interest, on the ground

that the cashier, Crawford's, knowledge of these facts was not imputable to the bank because he acquired it not while acting for the bank, and because in the transaction in which he was acting for the bank, his interests as an officer of the payee, the Fidelity Glass Company, were opposed to those of the bank.

Upon this view we express no opinion because we do not find it necessary to do so, for the reason that assuming that all the knowledge which the cashier was proved to possess was properly imputable to the bank itself, the latter still became a holder for value in due course without notice of the defence here set up, because it is not shown that the cashier either as such or as treasurer and director of the Fidelity Glass Company knew of the outstanding contract with the drawer, Cramer, for the other four carloads. The evidence shows that the running of the business of the Fidelity Glass Company was in the hands of a manager, and, in fact, the cashier testifies that he had no such knowledge, and he is not contradicted. Without such knowledge it is obvious that it made no difference whatsoever to the bank's standing as a holder for value in due course, that it knew the payee-endorser of this note given for goods sold and delivered was losing money, was in a bad way, and in danger of having to go into the hands of a receiver. If it were otherwise, much of a bank's usefulness in enabling people in financial difficulties to avoid disaster would be destroyed.

The judgment is affirmed.

*For affirmance*—The Chancellor, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 14.

*For reversal*—None.